J-S77025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHELDON ANTHONY GOODRIDGE, | |
| Appellant | No. 498 MDA 2016 |

Appeal from the PCRA Order of March 2, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000448-2014

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:            **FILED JANUARY 19, 2017**

Appellant, Sheldon Anthony Goodridge, appeals from the order entered on March 2, 2016, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In December 2013, Appellant engaged in a physical altercation with another patron at a bar in Carbondale, Pennsylvania.  Specifically Appellant struck the victim with a pool cue and then stabbed him in the neck and back. The victim survived.  As a result, the Commonwealth charged Appellant with various criminal charges; however, on July 30, 2014, Appellant pled guilty to aggravated assault[1] in exchange for the Commonwealth's withdrawal of the

---

[1] 18 Pa.C.S.A. § 2702(a).

*Retired Senior Judge assigned to the Superior Court.

remaining offenses. On October 21, 2014, the trial court sentenced Appellant to 90 to 180 months of incarceration, followed by a consecutive term of two years of probation. Appellant did not appeal his judgment of sentence.

On July 31, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who subsequently filed a "no-merit letter" with the PCRA court and petitioned to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 2, 2015, Appellant filed a *pro se* supplemental PCRA petition. On March 2, 2016, the PCRA court granted counsel's petition to withdraw and denied Appellant relief.[2] This timely *pro se* appeal resulted.

Appellant presents the following issues for our review:

> I. Was defense counsel ineffective for failing to ensure [Appellant's] due process rights were protected under the provisions of the [F]ourteenth Amendment of the Constitution and Article I, § 9 of the Pennsylvania Constitution?

---

[2] We note that because the PCRA court appointed counsel, who filed a "no-merit letter" under *Turner*/*Finley*, and Appellant responded by filing a *pro se* PCRA petition, the PCRA court did not summarily dismiss Appellant's PCRA petition. Thus, the PCRA court was not required to give Appellant notice of its intent to dismiss under Pa.R.Crim.P. 907. *See Commonwealth v. Albrecht*, 720 A.2d 693 (Pa. 1998) (where "the PCRA court did not summarily dismiss [a PCRA] petition upon initial review, but rather ordered the appointment of counsel, the filing of an amended petition, and the briefing of the legal issues presented. [] Rule 1507(a)[, predecessor of Rule 907(a),] by its own terms, is inapplicable.").

II.     Was defense counsel ineffective for failing to ensure [Appellant's] fundamental human rights were protected under the provisions of the Sixth Amendment of the United States Constitution?

III.    Was defense counsel ineffective for failing to challenge the sufficiency of the evidence and/or failing to argue that the sentence was against the sufficiency of the evidence?

IV.     Was defense counsel ineffective for inducing [Appellant] to plead guilty by giving false information about sentencing?

V.      Was defense counsel ineffective for failing to zealously assert [Appellant's] position and seek a result advantageous to his client?

VI.     Was defense counsel ineffective for abandoning [Appellant] by not filing any post-sentence appeals on behalf of his client?

VII.    Did the prosecution fail to introduce any relevant evidence of the extra element of the aggravated offense necessary to constitute the crime charged and sufficient to justify the conviction?

Appellant's Brief at 3-4.

We reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the thorough opinion of the PCRA court entered on May 25, 2016.  The PCRA court first noted that Appellant's claims of ineffective assistance of counsel amounted to bald contentions.  For this reason, the PCRA court could have dismissed Appellant's PCRA petition. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) ("boilerplate allegations and bald assertions [] cannot satisfy a petitioner's burden to prove that counsel was ineffective").  Moreover, on appeal, Appellant's

argument is equally undeveloped and fails to allege, or even set forth, the three-prong test for counsel ineffectiveness; thus, Appellant has also waived his claims of ineffective assistance of counsel on appeal. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (explaining that an appellant waives issue on appeal where he fails to present the claim with citations to relevant authority or develop the issue in a meaningful fashion capable of review).

Regardless, we conclude that there has been no error in this case and that the PCRA court's opinion meticulously and accurately disposes of Appellant's issues on appeal. Therein, the PCRA court determined that Appellant's guilty plea was knowingly, intelligently and voluntarily tendered, after he acknowledged his constitutional rights, the factual predicate of this case, and the possible range of sentences in both written and oral colloquies. After reviewing Appellant's supplemental PCRA petition and the certified record, the trial court determined that Appellant pled guilty only after confirming the factual basis for the charges and acknowledging the range of punishments that he faced. These uncontested circumstances defeated any claim that counsel was ineffective in failing to challenge the sufficiency of the evidence or failing to accurately advise Appellant about the potential range of sentences. Moreover, the PCRA court determined that Appellant failed to plead and prove that he requested that counsel file a direct appeal and that counsel heard but ignored or rejected the request. We conclude that there has been no error in this case and that the PCRA court's opinion entered on

- 4 -

September 17, 2015, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of the PCRA court's opinion and adopt it as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the PCRA court opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
| v. | |
| SHELDON ANTHONY GOODRIDGE | 14 CR 448 |

## OPINION

**BARRASSE, P.J.**

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Appellant Sheldon Anthony Goodridge (herein after "Appellant") appeals this Court's March 2, 2016, Order dismissing his Petition for Post-Conviction Collateral Relief. Appellant's issues on appeal are summarized as follows:

1. Defense Counsel was ineffective for failing to ensure defendant's due process rights were protected under the provisions of the Fourteenth Amendment of the United States Constitution and Article I, §9 of the Pennsylvania Constitution.

2. Defense Counsel was ineffective for failing to ensure defendant's fundamental human rights were protected under the provisions of the Sixth Amendment of the United States Constitution.

3. Defense Counsel was ineffective for failing to challenge the sufficiency of the evidence and/or failing to argue that the sentence was against the sufficiency of the evidence.

4. Defense counsel was ineffective for inducing defendant to plead guilty by giving false information about sentencing.

5. Defense counsel was ineffective for failing to zealously assert defendant's position and seek a result advantageous to his client.

1

**EXHIBIT B**

6. Defense counsel was ineffective for abandoning defendant by not filing any post-sentence appeals on behalf of his client.

7. The prosecution failed to introduce any relevant evidence of the extra element of the aggravated offense necessary to constitution the crime charged and sufficient to justify the conviction.

8. The prosecution failed to comply with the terms of the plea agreement negotiated by defendant's previous attorney.

For the following reasons, based upon a review of the record and the facts and history of the case, this Court's March 2, 2016, Order denying Appellant's Petition for Post-Conviction Relief should be affirmed.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Under Docket Number CP-35-CR-0000448-2014, Appellant was charged with Aggravated Assault in violation of 18 Pa C.S.A. § 2702(a)(1), Possession of a Weapon in violation of 18 Pa. C.S.A. § 907(b), Prohibited Offensive Weapons in violation of 18 Pa.C.S.A. § 908(a), Simple Assault in violation of 18 Pa.C.S.A. § 2701(a)(2), Recklessly Endangering Another Person in violation of 18 Pa C.S.A. § 2705, and Criminal Attempt – Criminal Homicide in violation of 18 Pa. C.S.A. § 901(a). These charges stemmed from a December 22, 2013 incident in which the Appellant got into an altercation with the victim at a bar in the City of Carbondale, Lackawanna County, Pennsylvania. See Ptlm. Brian Rock, Affidavit of Probable Cause, December 30, 2013. Witnesses reported and surveillance videos confirmed that the Appellant struck the victim's head and body with a pool stick inside the bar and then approached and stabbed the victim in the neck and back in the parking lot of the bar. Id. The victim was transported via ambulance to the trauma unit at Geisinger Community Medical Center in Scranton, Pennsylvania, where he was stabilized. Id.

2

On July 30, 2014, Appellant entered a guilty plea to Aggravated Assault in violation of 18 Pa C.S.A. § 2702(a)(1), and the remaining charges were withdrawn. Sentencing was deferred for completion of a Presentence Investigation Report.

On October 21, 2014, this Court sentenced Appellant to ninety (90) months to one hundred eighty (180) months' confinement in a State Correctional Institution followed by two (2) years' special probation to be supervised by State Probation and restitution in the amount of $39,030.66.

On July 31, 2015, Appellant filed a Petition for Post-Conviction Collateral Relief making claims of constitutional violations, ineffective assistance of counsel, and an unlawfully induced guilty plea where the Appellant is innocent. Specifically, the Appellant asserts the grounds of abuse of discretion by the sentencing court and ineffective assistance of counsel based on Appellant's contention that the underlying incident did not rise to level of Aggravated Assault.

On September 24, 2015, this Court appointed Kurt Lynott, Esquire, at PCRA Counsel. On October 22, 2015, Attorney Lynott filed and served upon Appellant a Petition to Withdraw as Counsel and "no merit" letter pursuant to **Commonwealth v. Turner,** 544 A.2d 927 (1988) and **Commonwealth v. Finley,** 550 A.2d 213 (Pa. Super. 1988) based upon Counsel's assessment that the Petition lacked merit.

On December 2, 2015, Appellant filed a pro se supplemental PCRA Petition in which he alleged ineffective assistance of counsel, stating that counsel was ineffective for failing to properly investigate the case, neglected to make sure Appellant was charged with the correct crime, gave the Appellant false information about sentencing, and failure of counsel and the prosecutor to abide by a previous agreement. Appellant then went on to cite the United States Supreme Court Decision in **Alleyne v. United States,** —— U.S. ——, 133 S.Ct. 2151, 186

**L.Ed.2d 314 (2013)**, in support of his assertion that he was not guilty of Aggravated Assault and that his Due Process Rights were violated. Appellant further uses the language of "lesser-included offenses" in support of his argument that his conduct did not rise to the level of Aggravated Assault.

On March 2, 2015, this Court granted PCRA counsel's Motion to Withdraw and Dismissed Appellant's PCRA Petition, finding the Petition to be meritless.

Appellant timely appealed the dismissal to the Pennsylvania Superior Court on March 24, 2016.

## DISCUSSION

As stated in the Order denying his PCRA Petition, the claims Appellant asserts as a basis for relief are not cognizable under the Post-Conviction Relief Act or are otherwise meritless. The Appellant alleges one (1) main averment wherein he believes that the underlying criminal conduct did not constitute Aggravated Assault. The Appellant has failed to allege or prove any averments in compliance with 42 Pa.C.S.A. § 9543(a)(2).

Nonetheless, this Court will address Appellant's complaints on appeal as follows.

I.     <u>COUNSEL WAS NOT INEFFECTIVE, NOR DID HE FAIL TO PROTECT APPELLANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION OF ARTICLE I, § 9 OF THE PENNSYLVANIA CONSTITUTION.</u>

**AND**

II.     <u>COUNSEL WAS NOT INEFFECTIVE UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION.</u>

**AND**

4

## V. COUNSEL WAS NOT INEFFECTIVE IN HIS REPRESENTATION OF APPELLANT

Appellant's first and second matters complained of on appeal baldly assert that counsel was ineffective for failing to protect his State and Federal Constitutional rights. Appellant's first matter complained of on appeal asserts that counsel was ineffective for failing to protect Appellant's Due Process Rights under the 14th Amendment to the United States Constitution of Article I, § 9 of the Pennsylvania Constitution. Scattered throughout Appellant's Petitions, he asserts Due Process violations in multiple contexts, including references to the United States Supreme Court decision in **Alleyne v. United States**[1], Merger Doctrine and the language of "lesser included offenses", and citing the Criminal Attempt[2] statute. Appellant's second matter complained of on appeal asserts that counsel was ineffective for failing to protect Appellant's "fundamental human rights" under the Sixth Amendment to the United States Constitution. Both of these assertions are based on Appellant's assertion that his conduct in this case did not rise to level of Aggravated Assault. However, Appellant's assertions are without merit and he is not entitled to relief on this claims.

Appellant's fifth matter complained of on appeal baldly asserts that "defense counsel was ineffective for failing to zealously assert defendant's position and seek a result advantageous to his client." Although Appellant's claim regarding this assertion is very broad and vague, based on Appellant's issues raised in his PCRA Petitions, this Court will address it in conjunction with Appellant's other claims of ineffectiveness.[3]

---

[1] Alleyne v. United States, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[2] 18 Pa.C.S.A. § 901

[3] Where a petitioner's Concise Statement pursuant to Pa. R.A.P. 1925(b) is not specific enough for a trial court to identify and address the issue petitioner wishes to raise on appeal, the trial court may find waiver. Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa. Super. 2006). The Superior Court has explained that "a Concise Statement which is too vague to allow the Court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all. Even if the trial court correctly guesses the issues ... [they are ] still waived." Jiricko v. Geico Ins. Co., 947 A.2d 206, 210 (Pa. Super. 2008) (internal citations omitted).

5

As stated in the Order denying relief, the Appellant alleges one (1) main averment wherein he believes that the underlying criminal conduct did not constitute Aggravated Assault. The Appellant has failed to allege any averments in compliance with 42 Pa.C.S.A. § 9543(a)(2).

On July 30, 2014, with counsel's assistance, the Appellant completed an extensive written guilty plea colloquy form in which he acknowledged that he understood, and had discussed with counsel the specific criminal charge to which he was pleading, as well as the possible penalty and "permissible range of sentence and/or find that could be imposed for the offense charged." In paragraph 2, the Appellant noted that he wished to plead guilty to one (1) count of Aggravated Assault, 18 Pa. C.S.A. § 2702(a)(1). Likewise, in paragraph 16, the Appellant acknowledged the elements of Aggravated Assault as "knowingly causing serious bodily injury to Hever Bahamonde under circumstances manifesting extreme indifference to human life."

Furthermore, the Appellant admitted that he "stabbed the victim" and understood that a deadly weapons enhancement would be imposed at the time of sentence. The Appellant initialed each page of the written plea colloquy and executed the last page with his signature. The Appellant indicated that he understood the full meaning of the plea and still wished to proceed with the plea. Clearly, the Appellant was fully aware of the criminal offense to which he pled guilty and agreed to the underlying criminal conduct as alleged by the Commonwealth. At the time of sentence, the Appellant accepted responsibility for his actions and remained silent during allocution. **N.T. October 2, 2015, p. 4.**

Appellant's December 2, 2015, Supplemental Post-Conviction Relief Action Petition did not raise any additional ineffectiveness claims that would allow relief under 42 Pa. C.S.A. § 9545 or in the alternative, in compliance with 42 Pa. C.S.A. § 9543(a)(2). The Appellant did not

6

alleging any new facts that would support his claims. Rather, the Appellant inaccurately relies on the language "lesser included offense," which pertains to the merger doctrine. The merger doctrine is inapplicable in this case because the Appellant pled guilty to one (1) count of Aggravated Assault, 18 Pa. C.S.A. § 2702(a)(1).

Additionally, Appellant's reliance on **Alleyne** is misplaced. In **Alleyne**, supra, the United States Supreme Court held that any fact that increases mandatory minimum sentence for crime is "element" of the crime, not a "sentencing factor," and must be submitted to jury. This is distinguishable from the present case. Appellant's argument that the Aggravated Assault charge should have been submitted to a jury is inaccurate. Aggravated Assault is its own statutory offense under Pennsylvania law. Appellant guilty to one (1) count of Aggravated Assault in violation of 18 Pa. C.S.A. § 2702(a)(1), with a deadly weapon enhancement. Based upon the statute and the plea, there were no additional elements that should have been submitted to a jury. Similarly, Appellant's reliance on the statutory language and interpretation of Criminal Attempt is also misplaced. Appellant's guilty plea pertained to one (1) count of Aggravated Assault. Attempt case law is not relevant.

Moreover, with respect to his ineffective assistance of counsel claims, the Appellant has failed to allege any beneficial information that counsel would have discovered had he undertaken additional discovery and investigation after favorable plea negotiations. The Appellant baldly asserts that if counsel conducted an investigation he would have received a "lesser included offense" or reduction in charge. He has failed to identify precisely how such investigation would have assisted him. Such bald allegations do not entitle Appellant to relief. See **Commonwealth v. Harvey**, 812 A.2d 1190 (Pa. 2002).

7

Further, the Appellant made statements, under oath, at the guilty plea colloquy indicating that he was guilty of the Aggravated Assault, and that he wished to make a knowing, voluntary, and intelligent guilty plea. The Appellant is bound by these statements. See **Commonwealth v. Turetsky, 925 A.2d 876 (Pa. Super. 2007); See also, Commonwealth v. Timchak, 69 A.3d 765, 773 (Pa. Super. 2013)**(holding that guilty plea counsel had a reasonable basis for not undertaking additional investigation and discovery in order to engage in favorable plea negotiations where defendant admitted guilt under oath). Additionally, Appellant represented to this Court in both his written and oral plea colloquy that he understood that he had the right to a jury trial and was presumed to be innocent until found guilty. **See Written Plea Colloquy, paragraphs 9-12, N.T. Guilty Plea, July 30, 2014, p. 2.** Appellant further stated that he understood he was giving up these rights by entering a guilty plea. **Id.** Appellant cannot now use the PCRA to raise these issues.

Thus, Appellant has failed to plead or prove that he is entitled to Post-Conviction Relief based on the basis of his original PCRA claim and his Supplemental PCRA claim. This Court finds Appellant's claims to be meritless. As such, this Court's March 2, 2016, Order denying relief should be affirmed.

## III.   COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO ARGUE THE SUFFICIENCY OF THE EVIDENCE.

Appellant's third matter complained of on appeal asserts that his counsel was ineffective for failing to challenge the sufficiency of the evidence or failing to argue that the sentence was against the sufficiency of the evidence. Appellant's claim has been waived for PCRA purposes and is otherwise meritless.

8

As stated above, this Court found based upon the totality of the circumstances, that the Appellant knowingly and voluntarily entered his guilty plea and knew prior to entering his guilty plea that he waived all rights to challenge the sufficiency of evidence. **Commonwealth v. Langston**, 904 A.2d 917 (Pa. Super. 2006); **Commonwealth v. Williams**, 660 A.2d 614 (Pa. Super. 1995)(any issue relating to the sufficiency of the evidence is waived by entry of a guilty plea and cannot be raised in a post-conviction proceeding); **Commonwealth v. Vealey, 581 A.2d 217, 220 (Pa. Super. 1990); Commonwealth v. Rounsley, 717 A.2d 537 (Pa. Super. 1998).**

Here, the Appellant is attempting to argue an issue related to the sufficiency of the evidence, which is waived by the entry of his guilty plea and not subject to attack in a post-conviction proceeding. The Appellant cannot now try to revisit this issue. Therefore, because the Appellant's claim directed at the propriety of the evidence does not concern the jurisdiction of this Court, the voluntariness of his plea, nor the sentence of this Court, this Court concludes that the Appellant has waived his ability to raise this issue and is absolutely refuted by the record when he entered his guilty plea. Thus, there is no issue of genuine fact that the Appellant is entitled to PCRA relief on the basis of his claim.

## IV. APPELLANT'S CLAIM THAT COUNSEL INDUCED THE GUILTY PLEA BY GIVING FALSE INFORMATION ABOUT SENTENCE IS MERITLESS.

Appellant's fourth matter complained of on appeal asserts that his counsel was ineffective for inducing defendant to plea guilty by giving false information about sentencing.

Under the PCRA, a petitioner is eligible for relief if he pleads and proves by a preponderance of the evidence that the petitioner's conviction resulted from a guilty plea unlawfully induced where the inducement caused the petitioner to plead guilty and the petitioner

9

is innocent. **Commonwealth v. Stark**, 698 A.2d 1327 (Pa. Super. 1997). In this matter, the Appellant fails to meet these requirements for relief.

In his Petition for Post-Conviction Relief, Appellant asserts that he entered a guilty plea upon advice of counsel, but Appellant cannot show that the resulting injury to the victim did not rise to the level of Aggravated Assault. In his Supplemental PCRA Petition, Appellant additionally asserts that counsel gave him false information about sentencing by giving an estimate regarding the sentence Appellant would receive.

Appellant's claims do not entitle him to relief under the PCRA. Appellant's continued claims that his conduct did not rise to the level of Aggravated Assault is contradicted by the record. Moreover, the record also reflects that Appellant was aware of the elements of Aggravated Assault and the maximum penalty that he may receive for the offense. In Question 15 of the Written Plea Colloquy Form that was reviewed, initialed, and signed by Appellant, Appellant indicated that he was aware that the maximum penalty that could have been imposed was twenty (20) years' incarceration. Moreover, the Appellant represented to this Court that he understood that the maximum penalty for Aggravated Assault was twenty (20) years' incarceration and that no other promises were made to him in exchange for his plea. **N.T. Guilty Plea, July 30, 2014, p. 3.** Appellant further represented to the Court that he was satisfied with the representation of counsel, that he understood the rights he was forfeiting by entering a guilty plea and that no threats or promises outside the plea agreement caused him to enter the plea. **N.T. at p. 2-3 and Plea Colloquy, 8(a), 12, 13(b).** In contrast, the Appellant now raises an unsupported claim that he plea was induced by counsel and his belief that his conduct did not actually rise to level of Aggravated Assault.

10

As such, the Appellant has not asserted or proved a sufficient basis to show that the plea was unlawfully induced. Therefore, Appellant is not entitled to Post-Conviction Relief on this claim and this Court's March 2, 2016, Order denying relief should be affirmed.

## VI.    COUNSEL WAS NOT INEFFECTIVE BY NOT FILING POST-SENTENCE MOTIONS ON BEHALF OF APPELLANT.

Appellant's sixth matter complained on appeal asserts that counsel was ineffective for abandoning Appellant by not filing any post-sentence appeals on behalf of Appellant. Again, Appellant's contention is not supported by the record.

When Appellant entered his guilty plea, this Court informed Appellant of the grounds he would have for appeal, particularly the jurisdiction of the court, the sentence of the Court, and the voluntariness of his plea. See N.T. Guilty Plea, July 30, 2014, at p. 2. Moreover, after this Court sentenced Appellant, Appellant executed a written acknowledgement of his Post-Sentence Rights.

Under Pennsylvania law, counsel may be deemed ineffective for failing to file a direct appeal on behalf of his client. **Commonwealth v. Maynard, 900 A.2d 395, 397-98 (Pa. Super. 2006).** However, a PCRA petitioner must prove that he requested that Counsel file an appeal in order to be entitled to relief. **Id. citing Commonwealth v. Harmon, 738 A.2d 1023, 1024 (Pa.Super.1999).** The petitioner bears the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request. **Id.**

In neither his Petition for Post-Conviction Relief nor his Supplemental PCRA Petition did Appellant plead, never mind prove, that he requested that counsel file a direct appeal on his behalf. Therefore, based upon the Appellant's pleadings, this issue is meritless and unsupported by the record.

11

Appellant has failed to prove that he is entitled to relief on this claim. As such, this Court's March 2, 2016 Order should be affirmed.

## VII. APPELLANT'S CLAIM REGARDING THE PROSECUTION'S BURDEN TO PRODUCE EVIDENCE HAS BEEN WAIVED BY HIS GUILTY PLEA AND IS OTHERWISE MERITLESS.

Appellant's seventh matter complained of on appeal asserts that that he is entitled to PCRA relief because "the prosecution failed to introduce any relevant evidence of the extra element of the aggravated offense necessary to constitute the crime charges and sufficient to justify conviction." Again, as discussed above and in the Order denying relief, Appellant is not entitled to relief on the grounds asserted.

Before accepting Appellant's guilty plea on July 30, 2014, Appellant reviewed with counsel, initialed each page, and signed an extensive written plea colloquy form. The form informed Appellant of the rights he was giving up by entering the guilty plea. Moreover, this Court conducted an on the record colloquy in which Appellant was again informed of his rights and the nature of the charges against him and Appellant represented to this Court that he understood the consequences of his plea, and admitted that he was guilty of the Aggravated Assault. **See N.T. Guilty Plea, July 30, 2014.** This Court found based upon the totality of the circumstances, that the Appellant knowingly and voluntarily entered his guilty plea and knew prior to entering his guilty plea that he waived all rights to challenge the sufficiency of evidence. Commonwealth v. Langston, 904 A.2d 917 (Pa. Super. 2006); Commonwealth v. Williams, 660 A.2d 614 (Pa. Super. 1995)(any issue relating to the sufficiency of the evidence is waived by entry of a guilty plea and cannot be raised in a post-conviction proceeding); Commonwealth v. Vealey, 581 A.2d 217, 220 (Pa. Super. 1990); Commonwealth v. Rounsley, 717 A.2d 537 (Pa. Super. 1998).

12

As such, Appellant is not entitled to relief under the Post-Conviction Relief Act for this claim as asserted. Therefore, this Court's March 2, 2016 Order denying Appellant's PCRA Petition should be affirmed.

## VIII. APPELLANT'S CLAIM REGARDING THE COMMONWEALTH'S FAILURE TO ABIDE BY THE PLEA AGREEMENT IS MERITLESS.

Appellant's final claim on appeal asserts that the Commonwealth failed to comply with the terms of the plea agreement negotiated by his previous attorney. This Court has reviewed the record and found Appellant's claim to be meritless and unsupported by the record.

Appellant specifically alleges in his PCRA Petition that his previous attorney had an agreement with the Commonwealth regarding the Aggravated Assault with a Deadly Weapon. A review of the record shows that the Commonwealth did honor an agreement made with Appellant's previous attorney to remove the Aggravated Assault with a Deadly Weapon charge. The Criminal Information lists as Count 2: Aggravate Assault – Serious Bodily Injury in violation of 18 Pa. C.S.A. § 2702(a)(1) and Count 3: Aggravated Assault with a Deadly Weapon in violation of 18 Pa. C.S.A. § 2702(a)(4). The absence of the Aggravated Assault with a Deadly Weapon charge on the docket sheet, as well as the renumbering of the charges suggests that this agreement in fact happened. Moreover, this Court correctly sentenced Appellant on one (1) count of Aggravate Assault – Serious Bodily Injury in violation of 18 Pa. C.S.A. § 2702(a)(1), which is distinguishable from Aggravated Assault with a Deadly Weapon in violation of 18 Pa. C.S.A. § 2702(a)(4).

Furthermore, Appellant represented to this Court in both the written and oral plea colloquy that the only agreement he had with the Commonwealth was that he would plead guilty to one (1) count of Aggravated Assault – Serious Bodily Injury with a Deadly Weapon

13

Enhancement in violation of 18 Pa. C.S.A. § 2702(a)(1), and the remaining charges would be withdrawn. See **Written Guilty Plea Colloquy Form, p 2, paragraph 13; N.T. Guilty Plea, July 30, 2014, p.3.** There is nothing else in the record to support Appellant's claims.

Therefore, Appellant has failed to assert or prove a cognizable claim for relief under the Post-Conviction Relief Act. Therefore, this Court's March 2, 2016, Order denying Appellant's PCRA Petition should be affirmed.

## CONCLUSION

Accordingly, Appellant has failed to establish that he is entitled to relief under the Post-Conviction Relief Act. Therefore, this Court's March 2, 2016, Order denying Appellant's PCRA Petition should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Lackawanna County District Attorney's Office
200 N. Washington Avenue
Scranton, PA 18503

Sheldon A. Goodridge LT 7735
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

14